# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMMETT KAPRIES DUNLAP,

    Petitioner,

    v.                                  Case No. 16-CV-314

TIMOTHY DOUMA,

    Respondent.

## ORDER

The petitioner, Emmett Kapries Dunlap, who is currently incarcerated at New Lisbon Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Dunlap has paid the statutory $5 filing fee, and, ordinarily, I would proceed with screening his petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. However, my initial review of his petition raised the issue of timeliness.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case, and under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending. 28 U.S.C. § 2244(d).

Dunlap has filed numerous cases in the Wisconsin appellate system since his conviction in 1995, as well as a motion for post-conviction relief pursuant to Wis. Stat. § 974.06 on August 26,

2013. (Decision Denying Mtn. for Post-Conviction Relief in 95CF950767, Docket # 1-10 at 1.) The court of appeals issued its decision affirming the circuit court's denial of that motion on September 30, 2014 (Ct. App. Dec. in 2013AP2245, Docket # 1-11), and the Wisconsin Supreme Court denied Dunlap's petition for review on January 12, 2015 (Order on Pet. for Review in 2013AP2245, Docket # 1-12). Dunlap filed the petition now pending before me on March 15, 2015.

Though Dunlap states in his petition that a petition for review in a case filed in 2001 (specifically, 2001AP563) was denied on January 12, 2015, the online records available at Wisconsin Court System Supreme Court and Court of Appeals Access ("WSCCA") do not reflect this. WSCCA available at https://wscca.wicourts.gov/index.xsl. Indeed, a review of the numerous appellate records currently available to me shows a gap of over 12 years between the conclusion of his state petition for a writ of habeas corpus on March 28, 2001 and his August 26, 2013 motion for post-conviction relief. Though timeliness is an affirmative defense, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir.2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss.") Therefore, I will require that Dunlap file a supplement to his petition for a writ of habeas corpus that addresses the timeliness of his petition. This supplement should be filed no later than **April 15, 2016**.

**IT IS SO ORDERED**.

Dated at Milwaukee, Wisconsin this 30th day of March, 2016.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 2 -